UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

LUIS SALAZAR,

        Plaintiff(s),

v.

ASIAN CORNER THAI SUSHI INC,

        Defendant(s).

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff LUIS SALAZAR (the "Plaintiff") and other similarly situated individuals sue Defendants, ASIAN CORNER THAI SUSHI INC, a Florida corporation (the "Defendants") and allege:

### I. JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### II. VENUE

7. The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

8. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

9. ASIAN CORNER THAI SUSHI INC, (the "Corporate Defendant") has several locations in Miami-Dade county, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for the Defendants, and at all times material hereto were and are engaged in interstate commerce.

10. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami, Florida.

11. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district and because the employment records of the Plaintiff are stored or have been administered, in Miami, Florida.

### III. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. At all times material, the Plaintiff was employed by the Defendant as cook from May 19, 2023 until his wrongful termination on August 31, 2023.

13. Plaintiff worked 12 hours a day for 5 days a week, and he did not receive payment for any of the overtime worked.

14. Plaintiff worked approximately 60 hours per week without payment for overtime. All conditions precedent to bringing this action have occurred, been performed or been excused.

15. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: UNPAID OVERTIME (CORPORATE DEFENDANT) – FLSA**

16. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. The Plaintiff is a covered employee for purposes of the Act.

18. This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

20. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, making between $2,000 to $3,000 per day at each of the restaurant locations.

22. Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

23. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a restaurant with various locations in Miami-Dade County and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a cook for the Corporate Defendant's business.

24. While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 60 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a cook performing the same or similar duties as that of those other similarly situated cooks whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

25. The Plaintiff worked for the Corporate Defendant from approximately May 19, 2023 to August 31, 2023. In total, the Plaintiff worked approximately 14 compensable weeks under the Act, or 15 compensable weeks if counted 3 years back from the filing of the instant action.

26. The Corporate Defendant paid the Plaintiff on average approximately $16.00 per hour.

27. However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

28.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

29.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

   a. Actual Damages: $4,800.00
      i. <u>Calculation</u>: $16.00 (hourly pay) x 1.5 = 24.00 (overtime rate) ( 24-16) 8 x 20 (approximate number of overtime hours) x 15 (compensable weeks) = $2,400.00;
   b. Liquidated Damages: $2,400.00;
   c. Total Damages: $4,800.00 plus reasonable attorneys' fees and costs of suit.

30.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

31.     The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those

similarly situated employees' employment with the Corporate Defendant as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. The Corporate Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

33. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

## **JURY TRIAL DEMAND**

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: October 24, 2023

Respectfully submitted,

**s/ Julisse Jimenez**
Julisse Jimenez, Esquire
FBN: 65387
E-mail: julisse@legalopinionusa.com
THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
Direct: (305) 209-5754
Assistant: (305) 982-7237
*Counsel for Plaintiff(s)*