UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:23-cv-24062-RAR

LUIS SALAZAR,

    Plaintiff(s),

v.

ASIAN CORNER THAI SUSHI INC.,

    Defendant(s).

**MOTION FOR APPROVAL OF FLSA SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, LUIS SALAZAR ("Plaintiff"), requests that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between Plaintiff and Defendant is attached as Exhibit "A".

**I.     Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties

present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlements to resolve and release each of the Plaintiff FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff claimed overtime wages and damages available as a result of Defendant's good faith actions. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendant discussed the Plaintiff alleged overtime hours and pay rate, the applicability of defenses in light of Defendant's good faith pre-suit actions, calculation of damages and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions,

based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## II. Terms of Settlement

This case involves a claim for unpaid overtime hours. Plaintiff worked for Defendant which, at all times, employed the Plaintiff. The Parties had several in depth discussions on damages and exchanged detailed information concerning each of the Plaintiff pay and time records. Given the Parties' respective positions on the issue of hours worked, the Parties agree that they would incur great expense litigating this issue. Given the amount claimed, and the cost to the Parties to continue to litigate, the Parties agree that $5,500.00 is a fair compromise as to the hours claimed to be owed to Plaintiff (the "Settlement Amount"). As a result, the settlements agreed upon in this matter – total payment of $5,500.00 as full and final settlement of all wage claims, inclusive of attorneys' fees and costs is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties agreed that out of the Settlement Amount, Plaintiffs' counsel will receive $2,000.00 in attorneys fees and $500.00 in costs. The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff behalf. Plaintiff further states that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement. A copy of Plaintiff's counsel billing records is attached hereto as Exhibit "B".

The Parties, voluntarily agreed to the terms of their settlement during negotiations. The Parties negotiated and settled Plaintiff recovery and attorney's fees independently and in seriatim

consistent with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug.4, 2009).

### III.   Conclusion

Plaintiff respectfully requests that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted on this 10 day of November, 2023.

Respectfully submitted by,


**s/ Julisse Jimenez**
Julisse Jimenez, Esquire
FBN: 65387
E-mail: julisse@legalopinionusa.com
THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
Direct: (305) 209-5754
Assistant: (305) 982-7237
*Counsel for Plaintiff(s)*


### SERVICE LIST
LUIS SALAZAR *vs.* ASIAN CORNER THAI SUSHI INC.,
Case No. 1:23-cv-24062-RAR

| | |
|---|---|
| Julisse Jimenez, Esq. (FBN: 65387) Email: julisse@legalopinionusa.com THE SAENZ LAW FIRM, PA 20900 NE 30th Avenue, Ste. 800 Aventura, Florida 33180 Telephone: (305) 482-1475 **Counsel for Plaintiff** | Service via Email and Regular Mail **ASIAN CORNER THAI SUSHI INC** c/o PANPETCH, NAMPETCH 9041 LITTLE RIVER BLVD MIAMI, FL 33147 |